

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM



2009 SEP 24  A 10: 15

Robert S. Fischler
212-841-0444
646-728-1625 fax
robert.fischler@ropesgray.com

September 22, 2009

**BY FEDERAL EXPRESS**

Hon. Stefan R. Underhill
United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

      Re:   *Hutchison v. CBRE Realty Finance, Inc., et al.*, 07-cv-1599 (SRU)

Dear Judge Underhill:

      We represent the defendants in this action. I write to supplement the submissions made by defendants on September 15, 2009 in opposition to plaintiffs' pending motion for reconsideration of the Court's July 29, 2009 decision. In particular, I wish to bring to the Court's attention the enclosed decision of the Second Circuit Court of Appeals in *Panther Partners v. Ikanos Communications*, 08-3398-CV (Sept. 17, 2009) (summary order), affirming Judge Crotty's grant of a motion to dismiss a complaint that alleged violations of Sections 11 and 12(a)(2) of the Securities Act.[1] The decision provides further support for the proposition that no duty to disclose arises under Sections 11 or 12(a)(2) where the defendant neither knew nor should have known of the omitted facts. *See* Mem. of Law of Defendants CBRE Realty Finance, Inc. (n/k/a Realty Finance Corporation), Ray Wirta, Keith Gollenberg, and Michael Angerthal in Opp. to Plaintiffs' Motion for Reconsideration of the Court's Order, Dated July 29, 2009, at 20 n.14.

      Although the Second Circuit's opinion does not squarely address the "knew or should have known" issue, it leaves no doubt that, to state a claim, plaintiff was required to allege facts showing knowledge by the corporate defendant. For example, the court quotes with approval the district court's statement that "[n]o plausibly pleaded fact suggests that Ikanos knew or should have known the scope of the defect problems at the time of the Secondary Offering." *Id.* at 3. The court further states that "[t]he plausibility standard, however, does require a statement alleging that [defendants] knew of the above-average defect rate before publishing the registration statement." *Id.* at 3-4. And the Second Circuit concludes its explanation of why the applicable pleading standard was not satisfied by stating that "[w]ithout an allegation in the amended complaint that Ikanos knew of the

---

[1] Pursuant to Local Rule 32.1 of the Second Circuit Court of Appeals, summary orders do not have precedential effect. However, citation to summary orders is expressly permitted by Local Rule 32.1(c)(1). According to the comment accompanying Local Rule 32.1, "[d]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases."

ROPES & GRAY LLP

Hon. Stefan R. Underhill                                      September 22, 2009

abnormally high defect rate before publishing their registration statement, the amended complaint fails to meet the plausibility requirements of *Twombly* . . . ."

The above statements by the Second Circuit are further support for the position of the defendants herein that no duty to disclose could have arisen in this case unless, *inter alia*, CBRE knew or should have known that Triton was likely to default on its repayment obligations.

Thank you for your consideration.

Respectfully,

Robert S. Fischler

RSF:lv
Enclosure
cc (w/enc.):   Evan J. Kaufman, Esq.
               Jeffrey S. Nobel, Esq.

08-3398-cv
*Panther Partners Inc. v. Ikanos Communications, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of September, two thousand nine.

PRESENT:

    ROGER J. MINER,
    JOSÉ A. CABRANES,
    PETER W. HALL,
        *Circuit Judges.*

------------------------------------x

PANTHER PARTNERS INC., On Behalf of Itself and all others Similarly Situated

    *Plaintiff-Appellant,*

    -v.-                                              No. 08-3398-cv

IKANOS COMMUNICATIONS, INC., RAJESH VASHIST, DANIEL K. ATLER, DANIAL FAIZULLABHOY, MICHAEL L. GOGUEN, MICHAEL GULETT, PAUL G. HANSEN, GOPAL VENKATESH, CITIGROUP GLOBAL MARKETS, INC.,

    *Defendants-Appellees,*

LEHMAN BROTHERS INC.,

    *Defendants.*

------------------------------------x

1

| | |
|---|---|
| **COUNSEL FOR APPELLANT:** | SANFORD SVETCOV, (Susan K. Alexander, Samuel H. Rudman, and David A. Rosenfeld, *on the brief*) Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, CA and Melville, NY |
| **COUNSEL FOR APPELLEES:** | MICHAEL D. TORPEY, (James N. Kramer, *on the brief*) Orrick, Herrington & Sutcliffe LLP, San Francisco, CA<br>*for Ikanos Communications, Inc., Rajesh Vashist, Daniel K. Atler, Danial Faizullabhoy, Michael L. Goguen, Michael Gulett, Paul G. Hansen, and Gopal Venkatesh*<br><br>DANIEL J. TOAL, (Daniel J. Kramer, Farrah R. Berse, *on the brief*) Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY<br>*for Citigroup Global Markets, Inc.* |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED** in part and **VACATED** in part, and the cause is **REMANDED** to the District Court.

Plaintiff Panther Partners Inc. and all others similarly situated ("Panther Partners") appeals from the March 8, 2008 and June 12, 2008 orders of the District Court dismissing plaintiff's amended complaint with prejudice, denying leave to amend the complaint, and denying a motion for reconsideration. Plaintiff alleged that defendant Ikanos Communications, Inc. ("Ikanos" or "the company"), along with various directors and underwriters, negligently made false statements in connection with the company's September 22, 2005 initial public offering and a March 17, 2006 secondary offering in violation of sections 11, 12, and 15 of the Securities Act of 1933. Defendants moved to dismiss the amended complaint for failure to state a claim on which relief can be granted, Fed. R. Civ. P. 12(b)(6), asserting that plaintiff failed to meet the plausibility standard for pleadings under Rule 8 of the Federal Rules of Civil Procedure set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The District Court granted this motion to dismiss and denied plaintiff leave to amend. The District Court then denied plaintiff's motion for reconsideration. On appeal, plaintiff asks our Court to consider the following questions: (1) whether the motion to dismiss was improperly granted because the District Court applied a particularity standard, rather than the plausibility standard set forth in *Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, 129 S. Ct. 1937; (2) whether the District Court erred when it denied plaintiff's motion for leave to amend the complaint; and (3) whether the District Court erred when it denied plaintiff's motion for reconsideration. We assume the parties' familiarity with the facts and procedural history of this case.

**Motion To Dismiss**

This court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs' favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also E & L Consulting, Ltd. v. Doman Indus.*, 472 F.3d 23, 28 (2d Cir. 2006).

Plaintiff argues that the District Court misapplied *Twombly*, and improperly required pleading with particularity. Plaintiff further asserts that the allegations in the amended complaint support a "plausible" claim sufficient to satisfy the *Twombly* standard. Under *Twombly* (and confirmed by *Iqbal*), Rule 8 requires that a plaintiff allege in its complaint "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To meet this standard, plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible." *Id.* This requires alleging "enough fact to raise a reasonable expectation that discovery will reveal evidence" to prove the claim. *Id.* at 556.

Even applying the standard set forth in *Twombly*—a more lenient standard than that which the District Court imposed—we find that the allegations in plaintiff's amended complaint fail to support a "plausible" claim. Plaintiff's amended complaint states that (1) "[b]y January 2006, Ikanos learned that the VDSL Version Four chips were failing," Am. Compl. ¶49; and (2) "Ikanos determined that the VDSL Version Four chips had a failure rate of 25% [to] 30%, which was extremely high," Am. Compl. ¶51. Learning that some chips were defective would be expected, so the critical question is *when* Ikanos determined that the failure rate was abnormally high. The amended complaint need not, despite the District Court's suggestion, allege when Ikanos knew the failure rate was specifically twenty-five to thirty percent. *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 538 F. Supp. 2d 662, 673 (S.D.N.Y. 2008). Instead, plaintiff needs only allege that Ikanos knew of abnormally high failure rates before the company published the registration statement accompanying its March 2006 secondary offering. As the District Court noted, "[n]o plausibly pleaded fact suggests that Ikanos knew or should have known the scope or magnitude of the defect problem at the time of the Secondary Offering." *Id.*

Again, it is worth emphasizing that the District Court order may have required plaintiff to allege facts with more particularity than the *Twombly* standard requires. The District Court stated that "[p]laintiff must tell the Court what was going on when—and how much the defect experienced actually differed from the norm." *Id.* Additionally, the District Court noted, "here there is no pleading as to what a 'normal' defect rate is . . . ." *Id.* The plausibility standard would not require that plaintiff assert, for example, exactly when the company knew the difference in defect rates between the VDSL chips and other chips was statistically significant. The plausibility standard, however, does require a statement alleging that they knew of the above-average defect

3

rate before publishing the registration statement.

Although we do not agree that as much specificity is required in pleading as required here by the District Court, our *de novo* review leads us to the same conclusion as the District Court. Without an allegation in the amended complaint that Ikanos knew of the abnormally high defect rate in the VDSL chips before publishing their registration statement, the amended complaint failed to meet the plausibility requirements of *Twombly* because it did not allege facts sufficient to complete the chain of causation needed to prove that defendants negligently made false statements. Therefore, it was proper for the District Court to dismiss the amended complaint.

**Leave to Amend**

We review denial of leave to amend under an "abuse of discretion" standard. *See, e.g., McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (leave to amend); *Devlin v. Transps. Commc'ns Int'l Union*, 175 F.3d 121, 131-32 (2d Cir. 1999) (motion for reconsideration); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citation, alterations, and quotation marks omitted)).

First, it is well established that although leave to amend should be "freely given," Fed. R. Civ. P. 15(a), there is no rule that every request to amend must be granted. *See McCarthy*, 482 F.3d at 200. Second, though we have observed that complaints assessed under Rule 9(b) of the Federal Rules of Civil Procedure are routinely allowed "at least one opportunity to plead fraud with greater specificity," *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007), we assess this complaint under Rule 8, not Rule 9(b), because this plaintiff alleges negligent preparation of the registration statement and prospectus, rather than fraudulent preparation. *See Rombach v. Chang*, 355 F.3d 164, 171, 178 (2d Cir. 2004) (applying Rule 9(b) requirements to claims under sections 11 and 12(a)(2) of the Securities Act of 1933 when they allege fraud, but applying Rule 8 requirements when they allege negligence); Am. Compl. ¶ 46 ("The Secondary Offering Registration Statement and Secondary Offering Prospectus were negligently prepared . . . ."). There is no general rule that just because the complaint is brought under the federal securities laws, a plaintiff will automatically receive leave to amend.

Because there is no requirement to grant leave to amend under the circumstances presented here, it was within the District Court's discretion to deny leave to amend.

**Motion for Reconsideration**

We generally review motions for reconsideration under an "abuse of discretion" standard. *Devlin*, 175 F.3d at 131-32. When the denial of leave to amend is based on a legal interpretation,

4

such as for futility, a reviewing court conducts a *de novo* review. *See, e.g., Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001) ("[I]f the denial of leave to amend is based upon a legal interpretation . . . we review the decision *de novo*."); *see also Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 592 (2d Cir. 2007) (reviewing *de novo* a district court's denial of leave to amend on grounds of futility). Because the District Court did not consider the issue of futility until it decided the motion for reconsideration, we turn to that question in reviewing the District Court's order denying the motion for reconsideration, which we review *de novo*.

Despite alleging new facts, the proposed second amended complaint does not cure the deficiencies of the dismissed (first) amended complaint. Plaintiff's proposed second amended complaint does allege additional facts, but none of these facts answers the critical question about when the company knew that the defect rate was unusually high. Plaintiff primarily cites evidence from the "former Director of Quality and Reliability" (the "former Director") at Ikanos. Proposed Second Am. Compl. ¶ 33. Plaintiff states that the former Director "learned that there were quality issues with VDSL Version Four chip in January 2006." *Id.* Panther Partners does not allege, however, that the quality issues deviated from normal quality issues the company would expect in any production run. Plaintiff further asserts that "in the weeks leading up to the Secondary offering, the defect issues . . . became more pronounced." Proposed Second Am. Compl. ¶ 34. One would expect, however, that normal defects would also become more pronounced as the new product entered the market. Furthermore, plaintiff does not allege that, even "in the weeks leading up to the Secondary Offering," the company knew that the defect rates were unusually high and therefore could materially affect earnings. Panther Partners in fact concedes that it was not until June 2006—three months after the secondary offering—that Ikanos decided to replace all chips on a board with one defective chip. Proposed Second Am. Compl. ¶ 37. This remedy proved costly for Ikanos. Proposed Second Am. Compl. ¶ 39. Although these assertions "nudge[d] [plaintiff's] claims" closer "to the line from conceivable to plausible," they were not enough to push the proposed second amended complaint across that line. *See Twombly*, 550 U.S. at 570 (requiring that plaintiffs "nudge[ ] their claims across the line from conceivable to plausible"). The proposed second amended complaint thus failed to allege plausibly that the company knew of abnormally high and potentially problematic defect rates before Ikanos published the registration statement.

Despite the deficiencies in the proposed second amended complaint, granting leave to amend anew may not be futile in this case. Granting leave to amend is futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim. *Joblove v. Barr Labs., Inc.*, 466 F.3d 187, 220 (2d Cir. 2006). Although courts commonly look to proposed amendments to determine futility, courts need not determine futility based only on an assessment of the proposed amendments—that is, the complaint presented to the court for its consideration. *Cf. Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 235 (2d Cir. 2007) (directing the district court to consider "whether the proposed amendment *or different*

5

*amendments* to the complaint should be allowed") (emphasis added). Instead, courts may consider all possible amendments when determining futility. Because it seems to us possible that plaintiff could allege additional facts that Ikanos knew the defect rate was above average before filing the registration statement, and that this allegation, if made, would be sufficient to meet the high standards that *Iqbal* and *Twombly* require for pleadings, further amendment may not be futile.

Finally, we recognize that *Iqbal* and *Twombly* raised the pleading requirements substantially while this case was pending. Although plaintiff has had an opportunity to further amend its complaint after *Twombly* was decided, we proceed cautiously in light of the rapidly changing contours of the pleadings standard in order to ensure justice.

For these reasons, we vacate the order of the District Court denying the motion to reconsider its decision to deny leave to amend and remand the cause to the District Court.

## CONCLUSION

After considering all of plaintiff's arguments, we **AFFIRM** the District Court's judgment insofar as it dismissed the amended complaint and **VACATE** the District Court's judgment insofar as it denied the motion to reconsider its denial of leave to amend. Accordingly, we **REMAND** the cause to the District Court for further proceedings consistent with this order, which may, upon reconsideration, include affording an opportunity to plaintiff to seek leave to amend the complaint further. We emphasize that in doing so we intimate no view on the substance of amendments that would meet the relevant pleading standards, much less a view on how the District Court should evaluate any further motion to amend.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk

By _____