

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

FILED

2009 NOV -5 A 9: 50

November 3, 2009

**BY FEDERAL EXPRESS**

Hon. Stefan R. Underhill
United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

        Re:    *Hutchison v. CBRE Realty Finance, Inc., et al.*, 07-cv-1599 (SRU)

Dear Judge Underhill:

      I write on behalf of the defendants in this action in response to the October 30, 2009 letter to Your Honor from plaintiffs' counsel.

      In their letter, plaintiffs contend that the *Constar* decision by the Third Circuit supports their reconsideration motion. Plaintiffs' reliance on *Constar* is misplaced because, among other reasons, the Second Circuit's decision in *ECA & Local 134 IBEW Joint Pension Trust of Chicago v. J.P. Morgan Chase,* 553 F.3d 187 (2d. Cir. 2009), is controlling here. *ECA* is discussed at pages 14-16 of defendants' opposition brief filed on September 15, 2009 ("Def. Br."). As *ECA* and the cases cited at page 18 of defendants' brief show, in the Second Circuit, materiality is a function of various quantitative and qualitative factors, and a plaintiff does not adequately plead materiality merely by alleging a stock price reaction to an alleged corrective disclosure. In *ECA*, for example, materiality was not adequately pled despite an allegation that defendant's stock price dropped by almost 19% after the alleged corrective disclosure.

      While *ECA* is a complete answer to plaintiffs' reliance on *Constar*, it is worth noting that there is no indication in *Constar* that the complaint there failed to allege a causal relationship between the stock price drop and the corrective disclosures. Here, by contrast, the alleged facts do not plausibly show, given the other likely reasons for CBRE's stock price declines, that the Triton-related disclosures resulted in any significant market reaction. *See* Def. Br. at 3-8. Indeed, if plaintiffs' speculation as to cause and effect were correct, CBRE's stock price would have fallen significantly after the Triton-related disclosures on May 7, 2007. Yet there was no meaningful market reaction to the new, negative Triton-related developments disclosed on that date. *Id.* at 6-7. In short, this case perfectly illustrates why "market volatility alone is too blunt an instrument to be depended on in considering whether a fact is material." *ECA*, 553 F.3d at 205 (quoting SAB No. 99).

ROPES & GRAY LLP

Hon. Stefan R. Underhill                                                    November 3, 2009

    Applying *ECA* here, it is clear that there is no basis for reconsideration of this Court's decision dismissing the Second Amended Complaint. In addition, the Second Circuit's decision in *Levine v. NL Indus., Inc.*, 926 F.2d 199, 203 (2d Cir. 1991), confirms that the Court correctly held that plaintiffs here failed adequately to plead materiality. *See* Def. Br. at 14 n. 9.

    Thank you for your consideration.

Respectfully,

Robert S. Fischler

RSF:lv

cc:    Evan J. Kaufman, Esq.
       Jeffrey S. Nobel, Esq.