## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PHILIP HUTCHISON, Individually and On
Behalf of All Others Similarly Situated,
SHEET METAL WORKERS, LOCAL NO.
33, ALFRED IVERS, and WEST PALM
BEACH FIREFIGHTERS PENSION FUND,
     Plaintiffs,

     v.

CBRE REALTY FINANCE, INC., KEITH
GOLLENBERG, MICHAEL ANGERTHAL,
and RAY WIRTA,
     Defendant.

CIVIL ACTION NO.
3:07CV1599 (SRU)

## RULING

On July 29, 2009 I granted defendants' motion to dismiss [doc. # 85] plaintiff's second

amended complaint [doc. # 79] holding that plaintiffs failed to plead facts sufficient to state a

claim for relief under sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§ 77K,

77l(a)(2), and 77o respectively.  Specifically, I ruled that plaintiffs did not plead facts

demonstrating that defendants made material omissions of fact at the time of CBRE's initial

public offering ("IPO").  The judgment entered on August 11, 2009.  Plaintiffs timely filed a

motion for reconsideration or in the alternative leave to file a third amended complaint [doc. #

105].  For the following reasons, plaintiffs' motion for reconsideration is denied and their motion

for leave to file the third amended complaint is also denied.

**I.**    **Motion for Reconsideration**

    A.    <u>Standard of Review</u>

The standard for granting motions for reconsideration is strict; motions for

reconsideration "will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

B.    Background

I assume familiarity with the facts and procedural background of this case. For a detailed discussion of that history, including the factual and legal basis for dismissal, *see Philip Hutchison v. CBRE Realty Finances,* 638 F. Supp. 2d 265 (D. Conn. 2009)

C.    Discussion

In the motion for reconsideration the plaintiffs maintain that I overlooked allegations in the second amended complaint concerning the materiality of defendants' alleged omissions. Specifically, plaintiffs claim that I failed to consider the following factual allegations as set forth in the second amended complaint. Triton Real Estate Partners, Inc., the Triton Loans (comprised of the Rodgers Forge Loan and the Monterey Loan) and the properties securing the loans suffered from severe and significant financial difficulties at the time of CBRE's IPO. The market's reaction to the revelation that a default on the Triton Loan was possible despite adequate collateral supported plaintiffs' allegation of materiality. Plaintiffs'claim that the 18% drop in

stock price after CBRE's February 26, 2007 announcement that it had placed the Rodgers Forge

Loan on its "watch list" supports a claim of materiality.  The claim is further supported, plaintiffs

argue, by the fact that nearly six months later the stock price further declined after the August 6,

2007 announcement by CBRE that the Rodgers Forge Loan was non-earning.  Additionally,

plaintiffs' suggest that I considered facts outside the complaint, namely the value of the

collateral, in concluding that the omissions and misrepresentations were not material.

Plaintiffs' motion for reconsideration fails for a number of reasons.  First, I did consider

the allegedly overlooked facts.  *See id.* at 268-69.  Second, to the extent that I considered the

value of the collateral, the facts in the second amended complaint clearly represented that the $51

million Triton Loans were backed by the condominium properties.  *See* Second Amended Compl.

at ¶¶ 46-47.

To survive a motion to dismiss, plaintiffs must have pled factual allegations sufficient to

raise more than a speculative right to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007).  To sustain a dismissal of claims under section 11 and 12(a)(2), plaintiffs must have

alleged that "any part of the registration statement, when such part became effective, contained

an untrue statement of material fact or omitted to state a material fact," and that "the prospectus

or oral communication . . . included a material misrepresentation or omission."  *See* 15 U.S.C. §§

77k, 77l(a)(2).  Plaintiffs alleged in the second amended complaint that the adverse facts

associated with the Triton Loans were negligently omitted from the Registration Statement and

the prospectus.  The omission of the adverse facts, plaintiffs claim, was material.

Here, to defeat the motion to dismiss, plaintiffs had to have pled facts supporting that a

default on the Triton Loans would have resulted in a loss to CBRE.  In other words, plaintiffs had

to plead that Triton might have been unable to repay CBRE for the Triton Loans, which could have resulted in a loss to CBRE.  The possibility of any such loss had to be information that would have been "viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."  *See Basic, Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988). In the ruling on the motion to dismiss, I held that, because the facts as pled failed to permit a finding that the Triton Loans were inadequately collateralized at the time of the IPO, the plaintiffs failed to meet their burden of pleading that at the time CBRE's Registration Statement and prospectus issued any default on the Triton Loans would result in a loss to CBRE.  The omission complained of was immaterial in light of CBRE's financial health at the time of the IPO.  The facts that plaintiffs claim to have been overlooked were, in fact, considered and a second look at the facts does not alter my previous conclusion.  The motion for reconsideration is nothing more than an attempt to relitigate the issue of materiality and is therefore denied.

## II.     Motion for Leave to File Third Amended Complaint

### A.     Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," and it is within the sound discretion of the district court to grant or deny leave to amend.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007).  The district court may deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.  *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  For the following reasons, plaintiffs motion to amend is denied.

B.     Background

Plaintiffs filed their initial complaint on October 30, 2007.  The complaint was amended on March 25, 2008 and corrected on May 6, 2008.  Defendants filed a motion to dismiss on July 29, 2008.  I heard oral argument on November 14, 2008 and I pressed plaintiffs on the materiality of any default on the Triton Loans if the loans were adequately collateralized.  *See* doc. # 47 at 30-31.  The plaintiffs conceded that they had not pled any specific allegations that the Triton Loans were insufficiently collateralized.  At that time I granted plaintiffs an opportunity to "provide their best shot in the next complaint."  *Id.* at 47.  On December 22, 2008, plaintiffs filed their second amended complaint which did not allege a collateral shortfall at the time the Registration Statement and prospectus issued.  I heard oral argument on April 17, 2009 on defendants' motion to dismiss the second amended complaint (doc. # 85).  On July 29, 2009 I granted the motion.  *See Philip Hutchison, et al., v. CBRE Realty Finances, et al.,* 638 F. Supp. 2d 265 (D. Conn. 2009).

C.     Discussion

First, amending the complaint would be futile because the proposed third amended complaint fails to cure the pleading deficiency concerning materiality that plagued the three previous iterations.  *See In re Helicopter Crash Near Wendle Creek, British Columbia, On August 8, 2002,* 2009 WL 1391422, *1 (D. Conn. 2009) ("A motion to amend will not be allowed under Rule 15(a)(2) if it is futile . . . .").  In its proposed third amended complaint, plaintiffs principally allege that the problems with the Triton Loans were material to investors despite adequate collateral.  In support of that claim, plaintiffs incorporate facts pled in *CBRE Realty Finance TRS, LLC v. Brian A. McCormick and Charles W. Moore,* 2009 WL 4782124 (D.

Md. 2009) (hereinafter the "Maryland action").  In the Maryland action, CBRE seeks money damages from McCormick and Moore, guarantors of the underlying loans comprising the Triton Loans.  Plaintiffs maintain that CBRE's allegations against McCormick and Moore in the Maryland action support plaintiffs' position that the adverse conditions surrounding the properties backing the Triton Loans were known by CBRE at the time of the IPO and were material to investors.

In the motion for leave to amend, plaintiffs also suggest that I found fatal their failure to plead what percentage the Triton Loans represented of CBRE's total portfolio.  Put another way, they suggest that, had I been able to ascertain from the complaint that the Triton Loans represented an appreciable segment of the CBRE portfolio, I would have denied the motion to dismiss.  Accordingly, they wish now to plead facts concerning the quantitative and qualitative materiality of the Triton Loans to the CBRE portfolio.  The reasoning is flawed.  In the July 29, 2009 order, I observed that the "complaint's fatal defect is not . . . that the plaintiffs pled a potential loss to CBRE that might or might not be material depending on the 'total mix' of information available to a reasonable investor, including the relative size of the Triton Loans to CBRE's entire portfolio or other financial information of the company."  *See Philip Hutchison v. CBRE Realty Finances,* 638 F. Supp. 2d at 276-77.  The complaint's fatal defect was that plaintiffs failed to adequately plead that defendants omitted, at the time CBRE's Registration Statement and prospectus issued, information material to the purchasing decision of a reasonable investor.  Because the Triton Loans were adequately collateralized at the time of the IPO, there existed no risk of a loss to CBRE at that time.  The facts as pled in the third amended complaint fail once again to rectify the deficiencies concerning the materiality of the omissions.

Leave to amend may be denied where plaintiffs, as in the instant matter, have sought leave to amend nearly two years after the litigation began. *See Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995) (upholding the denial of a motion to amend a complaint that was filed two and one-half years after the commencement of the action). Additionally, the Second Circuit has instructed district courts to consider the interest in protecting the finality of judgments and cautioned against district courts providing plaintiffs with what amounts to an advisory opinion on the efficacy of the proposed amendments. *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) ("[W]hen a moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly.") (quoting *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990)).

Because the plaintiffs were afforded ample opportunity to amend their complaint, repeatedly failed to cure the defect in the pleading, and cannot demonstrate that the proposed third amended complaint would survive another motion to dismiss, leave under the circumstances is not warranted and the motion is denied

## III.   Conclusion

For the foregoing reasons, plaintiffs' motion for reconsideration or alternatively motion for leave to amend [doc. # 105] is denied.

It is so ordered.

Dated at Bridgeport, Connecticut, this 25th day of March 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

-7-